UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X     Case No. 1:16-cv-04602
                                                                          (WFK)(CLP)

SHAKEIYA BURNETT, VANESSA MORALES,
JONATHAN MARMOLEJOS, RICHARD SERPICA,
and HENRY FOSTER, on behalf of themselves and
all others similarly situated,

                              Plaintiffs,

              -against-                                                  **<u>ANSWER</u>**

WAHLBURGERS FRANCHISING LLC,
CONEY BURGERS LLC, BIG APPLE BURGERS LLC,
WBDC HOSPITALITY LLC, MARK ANDREW SINGER,
JOHN CESTARE, and BEN NIASS,

                              Defendants.
-------------------------------------------------------------------X

       The Defendants Coney Burgers, LLC, Big Apple Burgers LLC, WBDC Hospitality,

LLC, Mark Andrew Singer, and John Cestare (hereinafter "Defendants"), by and through their

counsel, Mark B. Stumer & Associates, PC., respectfully answers the Plaintiffs Class and

Collective Action Complaint (hereinafter "Complaint") all upon information and belief as

follows:

       1.     Denies having knowledge or information sufficient to admit or deny the

allegations contained in paragraph 1, but admits that Wahlburgers was founded by Mark and

Paul Wahlberg.

       2.     Denies having knowledge or information sufficient to admit or deny the

allegations contained in paragraph 2, but admits that Wahlburgers is also the name of a reality

series on A&E.

       3.     Denies having knowledge or information sufficient to admit or deny the

allegations contained in paragraph 3.

4.      Admits the allegations in paragraph 4.

5.      Admits the allegations in paragraph 5.

6.      Admits the allegations in paragraph 6.

7.      Denies the allegations contained in paragraph 7.

8.      Denies the allegations contained in paragraph 8.

9.      Denies the allegations contained in paragraph 9.

10.     Denies the allegations contained in paragraph 10.

11.     Denies the allegations contained in paragraph 11.

12.     Denies the allegations contained in paragraph 12.

13.     Denies the allegations contained in paragraph 13.

14.     Denies the allegations contained in paragraph 14.

15.     Denies the allegations contained in paragraph 15.

16.     Denies the allegations contained in paragraph 16.

17.     Denies the allegations contained in paragraph 17.

18.     States that the allegations in paragraph 18 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

19.     States that the allegations in paragraph 19 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

20.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 20.

21.     Admits the allegations in paragraph 21.

22.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 22.

23.     Admits the allegations in paragraph 23.

24.      Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 24.

25.      Admits the allegations in paragraph 25.

26.      Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 26.

27.      Admits the allegations in paragraph 27.

28.      Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 28.

29.      Admits the allegations in paragraph 29.

30.      States that the allegations in paragraph 30 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

31.      States that the allegations in paragraph 31 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

32.      Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 32.

33.      Admits the allegations contained in paragraph 33.

34.      States that the allegations in paragraph 34 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

35.      States that the allegations in paragraph 35 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

36.      Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 36.

37.     States that the allegations in paragraph 37 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

38.     Admits the allegations in paragraph 38.

39.     Admits the allegations in paragraph 39.

40.     States that the allegations in paragraph 40 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

41.     States that the allegations in paragraph 41 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

42.     Admits the allegations contained in paragraph 42.

43.     Admits the allegations contained in paragraph 43.

44.     Denies the allegations contained in paragraph 44.

45.     States that the allegations in paragraph 45 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

46.     States that the allegations in paragraph 46 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

47.     Denies the allegations in paragraph 47.

48.     Admits the allegations contained in paragraph 48.

49.     Denies the allegations contained in paragraph 49.

50.     States that the allegations in paragraph 50 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

51.     States that the allegations in paragraph 51 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

52.     Denies the allegations in paragraph 52.

53.     Admits the allegations in paragraph 53.

54.     Denies the allegations in paragraph 54.

55.     Denies the allegations in paragraph 55.

56.     Admits the allegations in paragraph 56.

57.     Admits the allegations in paragraph 57.

58.     Admits the allegations in paragraph 58.

59.     Denies the allegations in paragraph 59.

60.     Denies the allegations in paragraph 60 except admit that Cestare is an officer and owner of Big Apple Burgers.

61.     Denies the allegations in paragraph 61.

62.     Denies the allegations in paragraph 62.

63.     Denies the allegations in paragraph 63.

64.     States that the allegations in paragraph 64 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

65.     Admits the allegations in paragraph 65.

66.     Admits the allegations in paragraph 66.

67.     States that the allegations in paragraph 67 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations except admits that Niass is responsible for employee scheduling and regularly participates in meetings where restaurant policies and practices are discussed.

68.     Denies the allegations in paragraph 68.

69.     Denies the allegations contained in paragraph 69 and all of its subparts.

70.     Denies the allegations in paragraph 70.

71.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 71.

72.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 72.

73.     Denies the allegations in paragraph 73.

74.     Admits the allegations in paragraph 74.

75.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 75.

76.     Denies the allegations in paragraph 76.

77.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 77.

78.     Denies the allegations in paragraph 78.

79.     Denies the allegations in paragraph 79.

80.     Admits the allegations in paragraph 80.

81.     Admits the allegations in paragraph 81.

82.     Admits the allegations in paragraph 82.

83.     Admits the allegations in paragraph 83.

84.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 84.

85.     Denies the allegations in paragraph 85.

86.     Admits the allegations in paragraph 86.

87.     Denies the allegations in paragraph 87.

88.     Denies the allegations in paragraph 88.

89.     Denies the allegations in paragraph 89.

90.     Denies the allegations in paragraph 90.

91.     Admits the allegations in paragraph 91.

92.     Admits the allegations in paragraph 92.

93.     Admits the allegations in paragraph 93.

94.     Admits the allegations in paragraph 94.

95.     Admits the allegations in paragraph 95.

96.     Admits the allegations in paragraph 96.

97.     Admit that Plaintiffs purport to bring this action as a collective action as alleged in paragraph 97 of the Complaint, but deny any basis therefore.

98.     Denies the allegations in paragraph 98.

99.     Denies the allegations in paragraph 99 and all of its subparts.

100.    Denies the allegations in paragraph 100.

101.    Denies the allegations in paragraph 101.

102.    Denies the allegations in paragraph 102.

103.    Admit that Plaintiffs purport to bring this action as a class action as alleged in paragraph 103 of the Complaint, but deny any basis therefore.

104.    Denies the allegations in paragraph 104.

105.    Denies the allegations in paragraph 105.

106.    States that the allegations in paragraph 106 and all of its subparts set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

107.    States that the allegations in paragraph 107 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

108.    Denies the allegations in paragraph 108.

109.    Denies the allegations in paragraph 109.

110.    Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 110.

111.    States that the allegations in paragraph 111 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

112.    Denies the allegations in paragraph 112.

113.    States that the allegations in paragraph 113 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

114.    Admits the allegations in paragraph 114.

115.    Denies the allegations in paragraph 115 except admits that Wahlburgers in Coney Island is situated in a large 6,000 square foot space and offers a fast service restaurant on the first floor with seating for customers and table service dining with a bar on the upstairs level with seating for customers.

116.    Denies the allegations in paragraph 116 but admits that the Times Square location is currently under construction.

117.    Denies the allegations in paragraph 117.

118.    Denies the allegations in paragraph 118.

119.    Denies the allegations in paragraph 119.

120.    Denies the allegations in paragraph 120.

121.    Denies the allegations in paragraph 121 except admit that Burnett's pay rate was changed from hourly to a flat weekly salary at her request and then changed back again to the hourly rate also at her request.

122.    Denies the allegations in paragraph 122.

123.    Denies the allegations in paragraph 123.

124.    Denies the allegations in paragraph 124.

125.    Denies the allegations in paragraph 125.

126.    Admits the allegations in paragraph 126.

127.    Denies the allegations in paragraph 127.

128.    Denies the allegations in paragraph 128 but admits that it made a one-time deduction of $42.00 from one of Burnett's paychecks.

129.    Denies the allegations in paragraph 129.

130.    Denies the allegations in paragraph 130.

131.    Denies the allegations in paragraph 131.

132.    Denies the allegations in paragraph 132.

133.    Denies the allegations in paragraph 133.

134.    Denies the allegations in paragraph 134.

135.    Denies the allegations in paragraph 135.

136.    Denies the allegations in paragraph 136.

137.    Denies the allegations in paragraph 137.

138.    Denies the allegations in paragraph 138.

139.    Denies the allegations in paragraph 139.

140.    Denies the allegations in paragraph 140.

141.    Denies the allegations in paragraph 141 but admits that Morales worked an irregular schedule.

142.    Denies the allegations in paragraph 142.

143.    Denies the allegations in paragraph 143.

144.    Denies the allegations in paragraph 144.

145.    Admits the allegations in paragraph 145.

146.    Denies the allegations in paragraph 146.

147.    Denies the allegations in paragraph 147 but admits that it made a one-time deduction of $40.95 from one of Morales' paychecks.

148.     Denies the allegations in paragraph 148.

149.    Denies the allegations in paragraph 149.

150.    Denies the allegations in paragraph 150.

151.    Denies the allegations in paragraph 151.

152.    Denies the allegations in paragraph 152.

153.    Denies the allegations in paragraph 153.

154.    Denies the allegations in paragraph 154.

155.    Denies the allegations in paragraph 155.

156.    Denies the allegations in paragraph 156.

157.    Denies the allegations in paragraph 157.

158.    Denies the allegations in paragraph 158.

159.    Denies the allegations in paragraph 159.

160.    Denies the allegations in paragraph 160.

161.    Denies the allegations in paragraph 161.

162.    Denies the allegations in paragraph 162.

163.    Denies the allegations in paragraph 163.

164.    Denies the allegations in paragraph 164.

165.    Admits the allegations in paragraph 165.

166.    Admits the allegations in paragraph 166.

167.    Denies the allegations in paragraph 167.

168.    Denies the allegations in paragraph 168.

169.    Denies the allegations in paragraph 169.

170.    Denies the allegations in paragraph 170.

171.    Admits the allegations in paragraph 171.

172.    Denies the allegations in paragraph 172.

173.    Denies the allegations in paragraph 173.

174.    Denies the allegations in paragraph 174.

175.    Denies the allegations in paragraph 175.

176.    Denies the allegations in paragraph 176.

177.    Admits the allegations in paragraph 177.

178.    Denies the allegations in paragraph 178.

179.    Denies the allegations in paragraph 179.

180.    Denies the allegations in paragraph 180.

181.    Admits the allegations in paragraph 181.

182.    Denies the allegations in paragraph 182.

183.    Denies the allegations in paragraph 183.

184.    Denies the allegations in paragraph 184.

185.    Denies the allegations in paragraph 185.

186.    States that the allegations in paragraph 186 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

187.    Denies the allegations in paragraph 187.

188.    Admits the allegations in paragraph 188 but denies that the party ran from 4:00 p.m. to 1:00 a.m.

189.    Denies the allegations in paragraph 189.

190.    Denies the allegations in paragraph 190.

191.    Denies the allegations in paragraph 191.

192.    Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 192.

193.    Denies the allegations in paragraph 193.

194.    Denies the allegations in paragraph 194.

195.    Denies the allegations in paragraph 195.

196.    Denies the allegations in paragraph 196.

197.    Denies the allegations in paragraph 197.

198.    Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 198.

199.    Denies the allegations in paragraph 199.

200.    Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 200.

201.    Denies the allegations in paragraph 201.

202.    Admit the allegations in paragraph 202 except deny that plaintiffs were not compensated for their time.

203.    States that the allegations in paragraph 203 require no response, and if any is deemed necessary, incorporates by reference all preceding respective paragraphs contained in this Answer.

204.    Admits the allegations in paragraph 204.

205.    Denies the allegations in paragraph 205 and all of its subparts.

206.    Denies the allegations in paragraph 206.

207.    Denies the allegations in paragraph 207.

208.    Denies the allegations in paragraph 208.

209.    Denies the allegations in paragraph 209.

210.    States that the allegations in the first sentence of paragraph 210 require no response, and if any is deemed necessary, incorporates by reference all preceding respective paragraphs contained in this Answer.  Defendants deny the allegations contained in the second sentence of paragraph 210.

211.    Denies the allegations in paragraph 211.

212.    Denies the allegations in paragraph 212.

213.    Denies the allegations in paragraph 213.

214.    States that the allegations in the paragraph 214 require no response, and if any is deemed necessary, incorporates by reference all preceding respective paragraphs contained in this Answer.

215.    States that the allegations in paragraph 215 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

216.    States that the allegations in paragraph 216 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

217.    Denies the allegations in paragraph 217.

218.    Denies the allegations in paragraph 218.

219.    Denies the allegations in paragraph 219.

220.    Denies the allegations in paragraph 220.

221.    States that the allegations in the paragraph 221 require no response, and if any is deemed necessary, incorporates by reference all preceding respective paragraphs contained in this Answer.

222.    States that the allegations in paragraph 222 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

223.    Denies the allegations in paragraph 223.

224.    Denies the allegations in paragraph 224.

225.    Denies the allegations in paragraph 225.

226.    States that the allegations in the paragraph 226 require no response, and if any is deemed necessary, incorporates by reference all preceding respective paragraphs contained in this Answer.

227.    Denies the allegations in paragraph 227.

228.    Denies the allegations in paragraph 228.

229.    Denies the allegations in paragraph 229.

230.    Denies the allegations in paragraph 230.

231.    States that the allegations in the paragraph 231 require no response, and if any is deemed necessary, incorporates by reference all preceding respective paragraphs contained in this Answer.

232.    Denies the allegations in paragraph 232.

233.    Denies the allegations in paragraph 233.

234.    States that the allegations in the paragraph 234 require no response, and if any is deemed necessary, incorporates by reference all preceding respective paragraphs contained in this Answer.

235.    States that the allegations in paragraph 235 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

236.    States that the allegations in paragraph 236 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

237.    Denies the allegations in paragraph 237.

238.    States that the allegations in paragraph 238 set forth legal conclusions to which no response is required, and if any response is deemed necessary, denies the allegations.

239.    Denies the allegations in paragraph 239.

240.    Denies the allegations in paragraph 240.

241.    States that the allegations in the paragraph 241 require no response, and if any is deemed necessary, incorporates by reference all preceding respective paragraphs contained in this Answer.

242.    Denies the allegations in paragraph 242.

243.    Denies the allegations in paragraph 243.

244.    Denies the allegations in paragraph 244.

245.    Denies the allegations in paragraph 245.


## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

246.    Plaintiffs' Rule 23 class claims are incompatible with their Rule 216(b) collective action claims.  Accordingly, this Court should dismiss Plaintiffs' Rule 23 class allegations with prejudice and allow plaintiffs' to assert their state law wage and hour claims on an individual basis in this action.


### SECOND AFFIRMATIVE DEFENSE

247.    Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLS, 29 U.S.C. Sec. 207, or the New York State Labor Law.


### THIRD AFFIRMATIVE DEFENSE

248.    Plaintiffs' claims are barred, in whole or in part, by the applicable federal and/or state statutes of limitations.


### FOURTH AFFIRMATIVE DEFENSE

249.    The claims of any Plaintiffs are barred to the extent they are claims which have been the subject of any prior and/or pending litigation against the Defendants' brought by the United States Department of Labor or a state labor agency/department.

## FIFTH AFFIRMATIVE DEFENSE

250. To the extent any Plaintiff employed by the Defendant was not exempt from overtime compensation requirements of the FLSA and/or the New York Wage Payment Act and/or New York Minimum Wage Act and/or the New York Labor Law, which Defendants deny, such individuals were properly compensated in accordance with a reasonable agreement between such individual and Defendants and applicable law and regulations.

## SIXTH AFFIRMATIVE DEFENSE

251. Based on information and belief, Defendants state that at all times relevant hereto, they acted in good faith and with absence of malice with regard to Plaintiffs and had reasonable grounds for believing their actions as to Plaintiffs were not in violation of the FLSA and/or the New York Minimum Wage Act and/or the New York Wage Payment Act and/or the New York Labor Law.

## SEVENTH AFFIRMATIVE DEFENSE

252. Plaintiffs are estopped and/or barred from bringing any claims herein by virtue of their own conduct if, and, or to the extent they signed a settlement agreement and/or accepted payments in release and/or as an accord and satisfaction of any and all claims.

## EIGHTH AFFIRMATIVE DEFENSE

253. Plaintiffs' recovery is barred in whole or in part to the extent the doctrines of waiver, laches, estoppel, and/or unclean hands apply.

## NINTH AFFIRMATIVE DEFENSE

254.    If Plaintiffs succeed in establishing any violation under the FLSA or the New

York State Labor Law, and to the extent any sums are found due and owing to Plaintiff(s), which

is expressly denied, Defendants are entitled to a set-off against said sum to the extent paid,

tendered, waived, compromised, and/or released prior to the adjudication herein, including but

not limited to those amounts paid, tendered, waived, compromised, and/or released through any

proceeding, either formal or informal, or to the extent any additional compensation was paid to

Plaintiff(s) over and above their wages.

## TENTH AFFIRMATIVE DEFENSE

255.    The claims asserted herein are barred to the extent such claims were the subject of

any prior governmental investigation, part of or covered by any other judicial action, or part of

any other judicial action that was settled, resolved or dismissed, or to the extent such claims have

been settled, waived and/or released.

## ELEVENTH AFFIRMATIVE DEFENSE

256.    Defendants are entitled, pursuant to Rule 20(b), to a separate trial on each

individual claim asserted by any Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

257.    Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of

the Portal to Portal Act, 29 U.S.C. § 259, because actions taken in connection with the Plaintiffs'

compensation were done so in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United Stated Department of Labor.

## THIRTEENTH AFFIRMATIVE DEFENSE

258.     Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal to Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done so in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA or the New York State Labor Law.

## FOURTEENTH AFFIRMATIVE DEFENSE

259.     Plaintiffs' claims are barred to the extent any particular plaintiff or employee petitioned for bankruptcy under either Chapter 7 or Chapter 13 of the United States Bankruptcy code, yet failed to disclose potential claims against Defendants as required under applicable bankruptcy laws.

## FIFTEENTH AFFIRMATIVE DEFENSE

260.     Plaintiffs' class allegation must be dismissed because an independent and individual analysis of each putative class member's claims and each of Defendants' defenses to such claims is required.

## SIXTEENTH AFFIRMATIVE DEFENSE

261.    The claims for attorney's fees, court costs, restitution, injunctive and other equitable remedies and relief, including, but not limited to, liquidated and exemplary damages and back pay, restitution and injunctive relief are not triable to a jury.

## SEVENTEENTH AFFIRMATIVE DEFENSE

262.    Plaintiffs'' Complaint is presented in conclusory and vague terms, which prevents Defendants from anticipating all of the affirmative defenses and claims that may be applicable to this action.  Therefore, to the extent permitted under the Federal Rules of Civil Procedure and applicable case law, Defendants reserve the right to assert additional defenses or claims that may become known during the course of discovery.

## EIGHTEENTH AFFIRMATIVE DEFENSE

263.    Plaintiffs have failed and neglected to mitigate their respective alleged damages, injuries, and/or losses, and, therefore, any recovery against Defendants should be barred or reduced accordingly.

## NINTEENTH AFFIRMATIVE DEFENSE

264.    Defendants have not knowingly and/or intentionally failed to comply with any federal or state statute.

## TWENTIETH AFFIRMATIVE DEFENSE

265.    Defendants reserve the right to amend its answer and to add additional Affirmative and/or Separate Defenses as Plaintiffs' claims are more fully discovered in the course of this litigation.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

266.    Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

267.    Plaintiff are not entitled to equitable relief because they have an adequate remedy at law.  This defense may also apply to the claims of some or all of the class of the allegedly similarly situated persons.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

268.    Plaintiffs cannot establish or satisfy the requirements for a collective action pursuant to 29 U.S.C. § 216 of the FLSA and, therefore, the collective action allegations of the Complaint should be stricken and dismissed.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

269.    Plaintiffs cannot establish or satisfy the requirements for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and, therefore, the class action allegations of the Complaint should be stricken and dismissed.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

270.    The Fair Labor Standards Act and its collective action procedures preempt state

law that might otherwise permit class action treatment.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

271.    Plaintiffs' claims are barred or should be reduced, in whole or part, by exclusions,

exceptions, credits, recoupments, or offsets permissible under the Fair Labor Standards Act or

the New York State Labor Law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

272.    Individual Defendants Mark Andrew Singer and John Cestare were not and are

not Plaintiffs' "employer" within the meaning of the Fair Labor Standards Act of the New York

State Labor Law.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

273.    Defendants are not joint employers and were not all an "employer" of each of the

Plaintiffs within the meaning of the Fair Labor Standards Act of the New York State Labor Law.

WHEREFORE, Defendants request judgment against the Plaintiffs with respect to their

claims asserted in the Complaint, dismissing the Complaint in this action, and entering judgment

in favor of Defendants, together with costs and disbursements of the above entitled action and

any other relief this Court may deem just and proper.

Dated:  November 17, 2016
      New York, New York        Respectfully Submitted,
                                 MARK B. STUMER & ASSOCIATES, P.C.


_____
Mark B. Stumer, Esq. (MBS6027)
306 Fifth Avenue, Penthouse
New York, New York 10001
Phone (212) 633-2225
Fax (212) 691-3642
*Attorneys for Defendants Coney Burgers, LLC, Big
Apple Burgers LLC, WBDC Hospitality, LLC, Mark
Andrew Singer, and John Cestare*

| | Case No. 1:16-cv-04602 (WFK)(CLP) |
|---|---|

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHAKEIYA BURNETT, VANESSA MORALES,
JONATHAN MARMOLEJOS, RICHARD SERPICA,
and HENRY FOSTER, on behalf of themselves and
all others similarly situated,

                        Plaintiffs,

            -against-

WAHLBURGERS FRANCHISING LLC,
CONEY BURGERS LLC, BIG APPLE BURGERS LLC,
WBDC HOSPITALITY LLC, MARK ANDREW SINGER,
JOHN CESTARE, and BEN NIASS,

                        Defendants.

**ANSWER**

Mark B. Stumer, Esq. (MBS-6027)
Mark B. Stumer & Associates, P.C.
Attorney for Defendants
306 Fifth Avenue, Penthouse
New York, New York 10001
(212) 633-2225