# MARK B. STUMER & ASSOCIATES PC
ATTORNEYS AT LAW

306 FIFTH AVENUE
PENTHOUSE
NEW YORK, NEW YORK 10001

PHONE (212) 633-2225
FAX (212) 691-3642

VIA ECF

July 12, 2017

Honorable William F. Kuntz, II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Shakeiya Burnett et al v. Wahlburgers Franchising LLC et al
Civil Action No.: 1:16-cv-04602 (WFK)(CLP)**

Dear Honorable Judge Kuntz, II:

With regards to the above referenced action, my office represents the defendants Coney Burgers LLC, Marc Andrew Singer, Big Apple Burgers LLC, WBDC Hospitality LLC, and John Cestare (collectively referred to herein as the "Franchisee Defendants"). I write on behalf of the Franchisee Defendants and also the co-defendant, Wahlburgers Franchising LLC ("Franchisor Defendant"), which is represented by Ryan Sestack and Brian FitzGerald of Gordon & Rees, LLP, who join this letter. This letter is submitted in opposition to plaintiffs' pre-motion conference letter dated June 30, 2017 seeking pre-certification discovery. (Doc No. 32). The Franchisee Defendants and the Franchisor Defendant will be collectively referred to herein as the "Defendants."

According to plaintiffs' letter, they intend to move to compel the Franchisor Defendant to produce (1) payroll reports; (2) time records; and (3) job descriptions. It is the position of the Franchisor Defendant, as previously asserted in its response to plaintiffs' discovery demands, that plaintiffs are not entitled to such records or information. Moreover, in response to plaintiffs' deficiency letter,[1] the Franchisor Defendant advised that it is not in possession of any documents responsive to a request for job descriptions regarding plaintiffs. The Franchisor Defendant does not employ any of the plaintiffs or any members of the potential class, and thus, plaintiffs' requests are improper. Franchisor Defendant is merely the franchisor. Plaintiffs are employees of the franchisee. Therefore, plaintiffs are not entitled to payroll reports, time records, or job descriptions from the Franchisor Defendant.

---

[1] Plaintiffs' deficiency letter to the Franchisor Defendant never specifically requested the production of payroll records or time records.

Regarding the Franchisee Defendants, plaintiffs seek to compel the production of employee contact information as well as payroll records, paychecks, time records, schedules, and other information for the prospective putative class.  Specifically the information is being sought for each and every present and former employee of the Franchisee Defendants who are presently not parties to the litigation.  Defendants whole-heartedly disagree with plaintiffs' assertion that they are entitled to any of pre-certification discovery sought regarding the non-parties.  As the Court is aware, at this time, plaintiffs have not moved to certify this case as a class action or a conditional collective action.  Nevertheless, they are seeking extensive discovery of non-parties so that they will have access to information, whose sole purpose is to communicate with those non-parties to attempt to secure them as new clients and add them to this litigation.  This is the exact type of pre-certification discovery that this Court does not permit.  Absent status as a class or conditional collective class, this type of discovery is unwarranted at this time and simply not permitted in this District.

Tellingly, in support of their intended motion, plaintiffs have not cited to any cases from this District instead relying on cases from the Southern District in support of their argument that they are entitled to pre-certification discovery.  However, in direct contrast to the Southern District cases cited by the plaintiffs, courts in the Eastern District have not allowed the discovery they seek. *See Saiyed v. Archon*, Inc., No. CV 14-6862 (JS)(ARL), 2016 U.S. Dist. LEXIS 13528, at *2 (E.D.N.Y. Feb. 3, 2016) ("the prevailing view in the Eastern District is that class wide discovery is premature prior to FLSA certification").  More specifically, Eastern District courts deny requests for discovery of prospective class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to utilize the information to establish the appropriateness of certification.  *See Jenkins v. The TJX Companies, Inc.*, No. CV 10-3753, 2011 WL 1563677 *1 (E.D.N.Y. 2011); *Dziennik v. Sealift, Inc.*, No. 05-CV-4659, 2006 WL 14555464 (E.D.N.Y. 2006).  Based on the existing case law in this District, plaintiffs are not entitled to any pre-certification discovery regarding the non-party potential class members.

It should also be noted here that even the Southern District cases cited by the plaintiffs establish that the plaintiffs are not entitled to the scope of discovery sought.  In *Youngblood v. Family Dollar Stores, Inc.*, (09 Civ. 3176, 2011 WL 1742109 [S.D.N.Y. 2011]), cited by the plaintiffs, the Southern District allowed pre-certification discovery of *only* the names, addresses and dates of employment of putative class members.   Similarly, in *Ruiz v. Citibank, N.A.*, (Nos. 10 Civ. 5950, 10 Civ. 7304, 2010 WL 4630263 [S.D.N.Y. 2010]), also cited by the plaintiffs, the Southern District allowed pre-certification disclosure of *only* names, addresses and telephone numbers.  *See also Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09 Civ. 1148, 2010 WL 2362981 [S.D.N.Y. 2010]) (allowing pre-certification discovery of names and addresses and telephone numbers).  Thus, even if this Court somehow decides that the Southern District cases should apply rather than the Eastern District, permissible discovery would still only be limited to names, addresses and telephone numbers.

In conclusion, based on the foregoing, we request that Court deny the plaintiffs' request to make their intended motion.  If, however, the Court determines that plaintiffs are entitled to make their motion to compel, based on the foregoing, the Defendants intend to vigorously oppose it.

Regards,

Mark B. Stumer