JAMIE HAAR
JHAAR@GRSM.COM



ATTORNEYS AT LAW
ONE BATTERY PARK PLAZA
28TH FLOOR
NEW YORK, NY 10004
PHONE: (212) 269-5500
FAX: (212) 269-5505
WWW.GRSM.COM

May 24, 2018

**VIA ECF**

Magistrate Judge Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Burnett, et al. v. Wahlburgers Franchising LLC, et al.*
             Case No.: 1:16-cv-04602 (WFK)(CLP)

Dear Judge Pollak:

    We represent defendant Wahlburgers Franchising LLC ("Wahlburgers"), in the above-referenced matter. We submit this letter in accordance with Your Honor's Individual Rules pertaining to motion procedures and rules and pursuant to Local Rule 37.3(c) of the Local Rules of the Eastern District of New York, in order to detail a discovery dispute concerning Plaintiffs' notice to take the deposition of non-party, Paul Wahlberg ("Mr. Wahlberg"), and advise the Court of Wahlburgers' intention to move to quash the aforementioned deposition notice.

    **I.**    **Plaintiffs' Deposition Notices**

    On or about January 9, 2018, Plaintiffs served upon Wahlburgers a deposition notice pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure stating that "Plaintiffs will take the deposition of Defendant Wahlburgers Franchising LLC, by one or more of the persons it may designate who is knowledgeable of and able to answer the questions concerning the items listed in the annexed Addendum." *See* January 9, 2018 Deposition Notice and annexed Addendum, attached as Exhibit A. The areas of inquiry outlined in the Addendum include but are not limited to: "Wahlburgers Franchising LLC's ownership, and/or control of Wahlburgers in Coney Island," "[p]olicies and practices concerning timekeeping . . ." "[p]olicies and practices concerning compensation," and "[i]dentification of all persons who did, or had the authority to, hire, fire, discipline, schedule, supervise, manage, determine the rate of pay, or otherwise direct the duties of employees at Wahlburgers in Coney Island, including Plaintiffs." *See id.*

ALABAMA ♦ ARIZONA ♦ CALIFORNIA ♦ COLORADO ♦ CONNECTICUT ♦ FLORIDA ♦ GEORGIA ♦ ILLINOIS ♦ MARYLAND ♦
MASSACHUSETTS ♦ MISSOURI ♦ NEBRASKA ♦ NEVADA ♦ NEW JERSEY ♦ NEW YORK ♦ NORTH CAROLINA ♦ OHIO ♦ OKLAHOMA ♦
OREGON ♦ PENNSYLVANIA ♦ SOUTH CAROLINA ♦ SOUTH DAKOTA ♦ TEXAS ♦ UTAH ♦ VIRGINIA ♦ WASHINGTON ♦
WASHINGTON, DC ♦ WEST VIRGINIA ♦ WISCONSIN

In response to the January 9, 2018 deposition notice, Wahlburgers designated Patrick Renna ("Mr. Renna"), Wahlburgers' Chief Financial Officer. While Mr. Renna's deposition was scheduled to take place on March 20, 2018, the parties agreed to adjourn his deposition pending the outcome of settlement discussions. In response to Wahlburgers taking a no-pay position, Plaintiffs' completely abandoned interest in Mr. Renna's deposition, and instead, on March 29, 2018, Plaintiffs noticed non-party, Mr. Wahlberg, for a deposition to take place on May 30, 2018 in Manhattan. *See* March 29, 2018 Deposition Notice of Paul Wahlburg, attached as Exhibit B. Mr. Wahlberg is the Chef and an owner of Wahlburgers, and resides in the Massachusetts.

In response, on April 13, 2018, Wahlburgers objected to Plaintiffs' deposition notice of Mr. Wahlberg as being unreasonably cumulative and duplicative of the testimony to be given by Mr. Renna. On April 18, 2018, Plaintiffs responded that since Mr. Renna's name does not appear on a particular document and was not copied on a certain email, Mr. Wahlberg's deposition testimony would not be duplicative of Mr. Renna's deposition testimony. *See* Plaintiffs' April 18, 2018 email correspondence, attached as Exhibit C.

## II.     Efforts to Resolve the Dispute

On May 17, 2018, and May 23, 2018, the counsel for the parties exchanged additional email correspondence regarding their respective positions relating to Plaintiffs' deposition notice of Mr. Wahlberg. *See* attached email correspondence, attached as Exhibit D. As of this writing, the dispute remains unresolved.

## III.    Wahlburgers Seeks to Move to Quash Plaintiffs' Deposition Notice of Paul Wahlberg

At the outset,"[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Vale v. Great Neck Water Pollution Control Dist.*, No. 14-CV-4229 (ADS)(AYS), 2016 U.S. Dist. LEXIS 2440, at *6 (E.D.N.Y. Jan. 8, 2016). To be relevant, the request for information must be "germane" to the subject matter of the claims, defenses, or counterclaims, though not necessarily limited by such pleadings, and is not controlled by whether it will be admissible at trial. *See In Re Surety Ass'n*, 388 F.2d 412, 414 (2d Cir. 1967) ("[P]arties should not be permitted to roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that might conceivably become so."). While highly placed executives are not immune from discovery, unless it can be demonstrated that a corporate official has "some unique knowledge" of the issues in the case, "it may be appropriate to preclude a [] deposition of a highly-placed executive" while allowing other witnesses with the same knowledge to be questioned. *See Vaigasi v. Solow Mgmt. Corp.*, 2016 U.S. Dist. LEXIS 18460, at *53 (S.D.N.Y. Feb. 16, 2016). A subpoena that "pursues material with little apparent or likely relevance to the subject matter . . . is likely to be quashed as unreasonable even where the burden of compliance would not be onerous." *See Corbett v. eHome Credit Corp.*, No. 10-CV-26 (JG)(RLM), 2010 U.S. Dist. LEXIS 77712, at *10 (E.D.N.Y. Aug. 2, 2010).

Plaintiffs' basis for Mr. Wahlberg's knowledge is gossamer thin at best. In purporting to demonstrate that Mr. Wahlberg's deposition testimony is relevant, Plaintiffs point to the fact that

2

he is copied on an email chain and that recipients of certain manuals are directed to consider "What would Paul do?" Nonetheless, Mr. Wahlberg is not the only person copied on the email chain: two other people are also copied. Moreover, the fact that certain manuals mention "What would Paul do?" is irrelevant to the allegations of wage and hour violations in this case. Plaintiffs' also point to a manager closing checklist included in training materials that directs managers to send an end-of-night email to Mr. Wahlberg. But the end-of-nigh email is to be sent not only to Mr. Wahlberg, but to seven (7) other individuals. Plaintiffs seemingly picked Mr. Wahlberg arbitrarily, perhaps because of his last name. Plaintiffs simply do not and cannot demonstrate that Mr. Wahlberg has unique knowledge of the issues in this matter. On Plaintiffs' reasoning alone, Wahlburgers would be forced to produce all individuals copied on the email in question as well as all individuals referenced in Wahlburgers manuals. That cannot be the law.

Even if Plaintiffs can somehow demonstrate relevance, Wahlburgers will be able to demonstrate that the deposition notice is duplicative and unduly burdensome. *See Vale*, 2016 U.S. Dist. LEXIS 2440, at *6. As to the former, Mr. Wahlberg's deposition would be duplicative of the testimony to be given by Mr. Renna. Plaintiffs' addendum that accompanied its 30(b)(6) notice contains several topics. Wahlburgers has designated Mr. Renna, Wahlburgers' Chief Financial Officer, as the witness to address these topics. Without even deposing Mr. Renna, it is not clear how Plaintiffs can know the extent of Mr. Renna's knowledge of the issues or events in this case without ever questioning him. The scope of Mr. Renna's knowledge is best clarified by proceeding with his deposition. *See Burns v. Bank of Am.*, 2007 U.S. Dist. LEXIS 40037, at *15 (S.D.N.Y. June 4, 2007). As to the latter, courts within this Circuit have been keenly sensitive to the burden imposed upon a non-party witness who may be subject to irreparable harm and prejudice for exposing its proprietary information. *See Banner Indus. of N.E. v. Kenneth L. Wicks & Harrington Indus. Plastics LLC*, No. 1:11-CV-1537 (NAM/RFT), 2013 U.S. Dist. LEXIS 150559, at *24 (N.D.N.Y. Oct. 21, 2013). Moreover, the chances of harassment and business disruption are factors to be considered in deciding whether to allow discovery of corporate executives. *See Vaigasi*, 2016 U.S. Dist. LEXIS 18460, at *52-53. Plaintiffs' notice to take Mr. Walhberg's deposition seems as if it is intended to harass him and disrupt the operation of Wahlburgers' business.

\*   \*   \*

Wahlburgers reserves all rights to assert additional arguments and/or supplement its position concerning this discovery dispute. We thank the Court for its prompt attention to this matter.

Respectfully submitted,

*/s/ Jamie Haar*

Jamie Haar

cc:   All Counsel of Record (*via* ECF only)