# EXHIBIT C

**From:** Vivianna Morales [mailto:morales@pechmanlaw.com]
**Sent:** Wednesday, April 18, 2018 2:20 PM
**To:** Brian FitzGerald
**Cc:** Gregory Slotnick; Mitchell Schley; Lou Pechman; Ryan Sestack
**Subject:** Re: Wahlburgers

Brian:

Plaintiffs are permitted to inspect the insurance agreement to confirm Defendants' interpretation of coverage. *See Calabro v. Stone*, 224 F.R.D. 532, 533 (E.D.N.Y. 2004) ("While counsel may be correct that the policies sought contain enforceable provisions excluding from their coverage the accident at issue here, plaintiff is not limited to counsel's say-so in making this determination. As the automatic disclosure requirements of Rule 26(a)(1)(D) make clear, plaintiffs are entitled to inspect 'any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment ...'"). Moreover, Rule 26(b)(1) of the Federal Rules of Civil Procedure permits "discovery of any matter, not privileged, that is relevant to the claim or defense of any party." The Rule broadly defines "relevance" to include information not admissible at trial which "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*; *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (relevance under Rule 26(b)(1) is broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case").

There is no basis to conclude that Paul Wahlberg's testimony will be duplicative of Patrick Renna's. Indeed, Defendants have not yet responded to Plaintiffs' Second Set of Document Requests seeking communications from Paul Wahlberg. Defendants have also not provided un-redacted copies of their original production. *See Rodriguez v. SLM Corp.*, 2010 WL 1286989, at *2 (D. Conn. Mar. 26, 2010) ("Because it is difficult to determine whether testimony will be cumulative or irrelevant before it is actually proffered, the Bondholders have not persuaded the Court, at this early stage, that the probative value of the testimony of the subpoenaed Bondholders is substantially outweighed by "undue delay, waste of time, or needless presentation of cumulative evidence."); *see also In re County of Orange*, 208 B.R. 117, 121 (Bankr.S.D.N.Y.1997) (rejecting movant's argument that deposition testimony of movant's counsel will be cumulative and irrelevant where previous discovery indicated counsel's involvement in the negotiations at issue).

Moreover, Defendants' limited production demonstrates that Paul Wahlberg, referred to as the "[c]hef and [o]wner of Wahlburgers," (*see* WAHL51), took an active role in the business. The training materials produced include a "manager closing checklist" that directs managers to send an "end of night e-mail" to "Paul" and other individuals, not including Patrick Renna, *see* WAHL000057. The end of night email should include, among other things, an "End of Night report" which includes "Labor Dollars and Actual Labor Hours." *Id.* E-mails were also produced between Paul Wahlberg, John Rogan, Mark Singer, and Maurizio Marfoglia regarding the training of the Coney Island employees. *See* WAHL000359 – 361. Notably, Patrick Renna is not included in these e-mails. Paul Wahlberg is also frequently referenced in the Employee Manual that directs employees to consider "What would Paul do?" *see* WAHL000001, WAHL00045, WAHL000070, WAHL000072, and other quotes or directives from Paul Wahlberg, *see* WAHL00047, WAHL000060, WAHL000117, WAHL000141, WAHL000177, WAHL000185, WAHL000209, WAHL000225, WAHL000253, WAHL000268, WAHL000288, WAHL000317, WAHL000318.

Feel free to give me a call to discuss further.

--
Vivianna Morales
Associate
Pechman Law Group PLLC
488 Madison Avenue, 17th Floor
New York, NY  10022
ph. (212) 583-9500
fx. (212) 409-8763
www.pechmanlaw.com

**From:** Brian FitzGerald <bfitzgerald@grsm.com>
**Date:** Friday, April 13, 2018 at 10:51 AM
**To:** Vivianna Morales <morales@pechmanlaw.com>
**Cc:** Gregory Slotnick <Slotnick@pechmanlaw.com>, Mitchell Schley <mschley@schleylaw.com>, Lou Pechman <pechman@pechmanlaw.com>, Ryan Sestack <rsestack@grsm.com>
**Subject:** Wahlburgers

Vivianna,
We write to respond to the request for Wahlburgers' insurance policy referenced in its initial disclosures and to the notice of deposition for non-party Paul Wahlberg.

Since service of Wahlburgers' Rule 26 disclosure, we have reviewed the insurance policy. It does not cover either a possible judgment in this wage and hour action or indemnification for payments made to satisfy a judgment on a wage and hour claim. Therefore, Wahlburgers is not required to produce the insurance policy pursuant to Rule 26(a)(1)(A)(iv).

Regarding the notice of deposition for non-party Paul Wahlberg, his deposition would be unreasonably cumulative and duplicative of the testimony to be given by Patrick Renna, the CFO of Wahlburgers Franchising.  Wahlburgers therefore objects, pursuant to Rule 26(b)(1), to the aforesaid deposition notice.

Brian

**BRIAN P. FITZGERALD**   | Associate
**GORDON & REES**
**SCULLY MANSUKHANI**

1 Battery Park Plaza, 28th Floor
New York, NY 10004
D: 212-453-0788  |  C: 917-588-4860
**bfitzgerald@grsm.com**

**vCard  |  Bio  |  LinkedIn**

Alabama | Arizona | California | Colorado | Connecticut | Delaware | Florida
Georgia | Illinois | Kentucky | Maryland | Massachusetts | Missouri | Nebraska
Nevada | New Jersey | New York | North Carolina | Ohio | Oklahoma | Oregon
Pennsylvania | Rhode Island | South Carolina | South Dakota | Texas
Utah | Virginia | Washington | Washington, D.C. | West Virginia | Wisconsin

www.grsm.com

Alabama * Arizona * California * Colorado * Connecticut * Florida * Georgia * Illinois * Kentucky * Maryland * Massachusetts * Missouri * Nebraska * Nevada * New Jersey * New York * North Carolina * Ohio * Oregon * Pennsylvania * South Carolina * South Dakota * Texas * Virginia * Washington * Washington, DC * West Virginia * Wisconsin

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
http://www.grsm.com