# EXHIBIT D

# Jamie Haar

| | |
|---|---|
| **From:** | Vivianna Morales <morales@pechmanlaw.com> |
| **Sent:** | Wednesday, May 23, 2018 11:13 AM |
| **To:** | Jamie Haar; Ryan Sestack |
| **Cc:** | mitchell schley; Gregory Slotnick; 'mstumer@newyorklawyers.org'; Lou Pechman |
| **Subject:** | Re: Burnett v. Wahlburgers |

Jamie,

As you have not obtained an order of protection, we expect that Mr. Wahlberg will appear for his deposition as noticed on May 30, 2018. *See Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 09 CIV. 3701 (JPO)(JCF), 2013 WL 6439069, at *2 (S.D.N.Y. Dec. 9, 2013) ("The weight of the authority holds that a party believing it has received a flawed [] notice [of deposition] may not merely rest upon its objections, but must move for a protective order.").

To clarify and respond to points you raised in your e-mail:

First, the notice issued to Mr. Wahlberg was made pursuant to Rule 30(b)(1), not 30(b)(6) and therefore need not contain the nature of the inquiry. As a party officer, Mr. Wahlberg may be compelled to testify via notice of deposition. *See Progress Bulk Carriers v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.*, 939 F. Supp. 2d 422, 430 (S.D.N.Y. 2013), *aff'd*, 2 F. Supp. 3d 499 (S.D.N.Y. 2014) (explaining that Rule 30(b)(1) is the proper vehicle to notice the deposition of a specific corporate defendant's officer); *Schindler Elevator Corp. v. Otis Elevator Co.*, No. 06 Civ. 5377(CM)(THK), 2007 WL 1771509, at *2 (S.D.N.Y. June 18, 2007) ("Under Rule 30(b)(1) of the Federal Rules of Civil Procedure, a specific officer, director, or managing agent of a corporate party may be compelled to give testimony pursuant to a notice of deposition."). Further, we can agree to limit the scope of the deposition to exclude any questioning of the ingredients of Paul's recipes.

Second, the limitations imposed by Rule 45 do not apply here, as it is a noticed deposition of the defendant's officer. Even if those restrictions applied, Mr. Wahlberg regularly transacts business in person in New York City such that the noticed location of the deposition would comply with Fed. R. Civ. P. 45(c)(1).

Third, the Court considers cost, convenience, and litigation efficiency in determining where a corporate officer's deposition may be conducted. *Buzzeo v. Bd. of Educ., Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998). As counsel for all parties reside in New York, and it would not be unduly burdensome for Mr. Wahlberg to take a train down to New York City to be deposed, these factors weigh against granting a protective order.

Fourth, we have already set forth the ways in which Mr. Wahlberg's deposition is both relevant and non-duplicative of other anticipated testimony. There is no "compelling" reason for exempting from discovery Mr. Wahlberg, whose absence for a day will not unduly disrupt the operation of Wahlburgers. *Chevron Corp. v. Donziger*, 11 Civ. 691(LAK), 2013 WL 1896932, at *1 (S.D.N.Y. May 7, 2013) ("[S]enior executives are not exempt from deposition, and because principles relating to apex witnesses are in tension with the broad availability of discovery, it is important to excuse a witness from giving testimony only in compelling circumstances." (citations omitted)). And, contrary to your point, the Court must "begin with the proposition that plaintiffs have no burden to show that the deponents have any relevant knowledge." *In re Garlock*, 463 F. Supp. 2d 478, 481 (S.D.N.Y. 2006).

Having conducted fewer than 10 depositions in this case, there is no other basis under Rules 26 and 30 for limiting our deposition of Mr. Wahlberg. In addition, there is no ordering of depositions in federal court, so we need not take the 30(b)(6) deposition prior to Mr. Wahlberg's. We look forward to seeing you and Mr. Wahlberg on the date of the noticed deposition.

--

1

Vivianna Morales
Associate
Pechman Law Group PLLC
488 Madison Avenue, 17th Floor
New York, NY  10022
ph. (212) 583-9500
fx. (212) 409-8763
www.pechmanlaw.com

**From:** Jamie Haar <jhaar@grsm.com>
**Date:** Thursday, May 17, 2018 at 6:57 PM
**To:** Lou Pechman <pechman@pechmanlaw.com>, Ryan Sestack <rsestack@grsm.com>
**Cc:** mitchell schley <mschley@schleylaw.com>, Gregory Slotnick <Slotnick@pechmanlaw.com>, Vivianna Morales <morales@pechmanlaw.com>, "'mstumer@newyorklawyers.org'" <mstumer@newyorklawyers.org>
**Subject:** RE: Burnett v. Wahlburgers

Lou and Vivianna,

We will not be producing Paul Wahlburg. As an initial matter, Paul Wahlburg lives in Massachusetts and is therefore, not required pursuant to Rule 45 (c) to travel to Manhattan for a deposition. Moreover, his deposition is (1) not relevant to the claims in this action; (2) the subpoena does not designate the nature of plaintiffs' inquiry of Paul; (3) any information sought is confidential business information which deserves to be protected; (4) the request for testimony is an undue burden; and (5) the information being sought would be duplicative.

- To be relevant, the request for information must be "germane" to the subject matter of the claims, defenses, or counterclaims, though not necessarily limited by such pleadings, and is not controlled by whether it will be admissible at trial. *See In Re Surety Ass'n*, 388 F.2d 412, 414 (2d Cir. 1967) ("[P]arties should not be permitted to roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that might conceivably become so."). Your basis for Paul's knowledge is gossamer thin at best. Merely being copied on an email chain and directing recipients of certain manuals to consider "What would Paul do?" does not demonstrate that Paul has unique knowledge of the issues in this matter. While highly placed executives are not immune from discovery, unless it can be demonstrated that a corporate official has "some unique knowledge" of the issues in the case, "it may be appropriate to preclude a [] deposition of a highly-placed executive" while allowing other witnesses with the same knowledge to be questioned. *See Vaigasi v. Solow Mgmt. Corp.*, 2016 U.S. Dist. LEXIS 18460, at *53 (S.D.N.Y. Feb. 16, 2016). **Remember, it is the plaintiff's burden to show relevance on a motion to compel.**

- Courts within this Circuit have been keenly sensitive to the burden imposed upon a non-party witness who may be subject to irreparable harm and prejudice for exposing its proprietary information. *See Banner Indus. of N.E. v. Kenneth L. Wicks & Harrington Indus. Plastics LLC*, No. 1:11-CV-1537 (NAM/RFT), 2013 U.S. Dist. LEXIS 150559, at *24 (N.D.N.Y. Oct. 21, 2013). Where a subpoena may have little or no relevance to the claims and defenses in a particular action, while having the potential of disclosing confidential or proprietary information that could create a contemporary and possibly an uncompromising competitive business edge over others, a court should consider quashing the subpoena. *See id.* As Plaintiffs know, Paul is the Chef and Owner of Wahlburgers. Accordingly, the risk of the disclosure of propriety information, including, but not limited to recipes, is far greater than any probative value his deposition has.

- Paul's deposition would be duplicative of the testimony to be given by Patrick Renna. Plaintiffs' addendum that accompanied its 30(b)(6) notice contains copious of amount of topics. Wahlburgers has designated Mr. Renna, Wahlburgers' CFO, to address these topics. Without even deposing Mr. Renna, it is not clear how plaintiffs can know the extent of Mr. Renna's knowledge of the events in this case without ever speaking to him. The scope of

2

Mr. Renna's information and knowledge is best clarified by proceeding with his deposition. *See Burns v. Bank of Am.*, 2007 U.S. Dist. LEXIS 40037, at *15 (S.D.N.Y. June 4, 2007).

If it is determined that an additional individual needs to be designated as a 30(b)(6) witness after Mr. Renna is deposed, we will certainly designate an appropriate person.

**JAMIE HAAR** | Associate
**GORDON & REES**
**SCULLY MANSUKHANI**

1 Battery Park Plaza, 28th Floor
New York, NY 10004
D: 212-453-0715
jhaar@grsm.com

vCard

Alabama | Arizona | California | Colorado | Connecticut | Delaware | Florida
Georgia | Illinois | Kentucky | Maryland | Massachusetts | Michigan | Missouri
Montana | Nebraska | Nevada | New Jersey | New York | North Carolina | Ohio
Oklahoma | Oregon | Pennsylvania | Rhode Island | South Carolina | South Dakota
Texas | Utah | Virginia | Washington | Washington, D.C. | West Virginia | Wisconsin

www.grsm.com

---

**From:** Lou Pechman [mailto:pechman@pechmanlaw.com]
**Sent:** Wednesday, May 16, 2018 10:39 AM
**To:** Ryan Sestack; Jamie Haar
**Cc:** mitchell schley; Gregory Slotnick; Vivianna Morales; 'mstumer@newyorklawyers.org'
**Subject:** Re: Burnett v. Wahlburgers

Ryan/Jamie –

Please confirm that we are set for Paul Wahlburger's deposition on May 30. Thanks.

Regards,

Louis Pechman
Pechman Law Group PLLC
488 Madison Avenue, 17th Floor
New York, NY 10022
Ph. (212) 583-9500
www.pechmanlaw.com

**From:** Vivianna Morales <morales@pechmanlaw.com>
**Date:** Thursday, May 10, 2018 at 11:14 AM
**To:** Ryan Sestack <rsestack@grsm.com>
**Cc:** Jamie Haar <jhaar@grsm.com>, Lou Pechman <pechman@pechmanlaw.com>, mitchell schley <mschley@schleylaw.com>, Gregory Slotnick <Slotnick@pechmanlaw.com>
**Subject:** Re: Burnett v. Wahlburgers

Ryan:

3