# MARK B. STUMER & ASSOCIATES PC
### ATTORNEYS AT LAW

306 FIFTH AVENUE
PENTHOUSE
NEW YORK, NEW YORK 10001

PHONE (212) 633-2225
FAX (212) 691-3642

**VIA ECF**

June 26, 2018

Honorable William F. Kuntz, II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Shakeiya Burnett et al v. Wahlburgers Franchising LLC et al
            Civil Action No.: 1:16-cv-04602 (WFK)(CLP)

Dear Honorable Judge Kuntz, II:

With regards to the above referenced action, my office represents the defendants Coney Burgers LLC, Marc Andrew Singer, Big Apple Burgers LLC, WBDC Hospitality LLC, and John Cestare (collectively referred to herein as the "Franchisee Defendants"). Pursuant to Your Honor's Rules, I hereby request a pre-motion conference, as I intend to move for summary judgment pursuant to FRCP 56 seeking an Order dismissing the Complaint against defendants Big Apple Burgers LLC and John Cestare.

Plaintiffs commenced this collective action asserting violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). As will be demonstrated herein, there is no basis for any claims against defendants Big Apple Burgers and John Cestare, since neither have any ownership interest or employment in Coney Burgers LLC or the Coney Island Wahlburgers restaurant.

On or around September 20, 2017, Magistrate Pollack directed Plaintiffs to provide documents demonstrating evidence of Big Apple Burgers' or Cestare's ownership in Coney Burgers LLC or Coney Island Wahlburgers restaurant. Plaintiffs admittedly rely on unsubstantiated press clippings that indicate that Big Apple Burgers will open a restaurant in Coney Island. Indeed, as indicated in defendants' response to Plaintiffs, that article simply indicates that Big Apple Burgers purchased the New York franchise rights to Wahlburgers. However, Mark Singer through his company, paid Big Apple Burgers and Cestare $100,000 for the Coney Island location rights before the location was even opened.

In fact, the discovery thus far established the following: As set forth in Response No. 10 in Defendants' Second Supplemental Response to Plaintiff's Interrogatories:

> Coney Burgers LLC [the entity that owns the restaurant] is currently owned 100% by WB Coney Restaurant Group LLC which is owned 100% by Stillwell Hospitality LLC which is owned as follows:
> 55% Conmac Capital Lending LLC (owned 100% by Kevin Brody)
> 40% Entwined Holdings Inc (owned 100% by Mark Singer); and
> 5% Richard Savard.

Big Apple Burgers is solely owned by John Cestare and has no ownership interest in Coney Burgers LLC. In fact, as Mark Singer, who owns Entwined Holdings and ran the restaurant, confirmed in his deposition taken in this case, that he and John Cestare *never* worked together with respect to Coney Island Wahlburgers. Rather, as Mark Singer explained, Big Apple Burgers initially purchased the franchise rights to open Wahlburgers in New York (Singer dep. tr. at 148). Before the restaurant opened, however, Singer paid Cestare and Big Apple Burgers $100,000 for the Coney Island location rights (*Id*. at 136, 148). At that point, Cestare and Big Apple no longer had involvement in the establishment whatsoever. Singer further testified that neither Cestare nor Big Apple Burgers LLC at any time had any management role in the Coney Island location or any involvement in the location other than originally owning the franchise rights to that location (*Id*. at 136). John Cestare will certainly provide an affidavit confirming these facts as well. Based on this testimony alone it would be improper for Plaintiff to continue to maintain this action against Cestare and Big Apple Burgers and thus, it must be dismissed.

Further, despite extensive discovery having taken place in this litigation, no evidence has been presented (other than some erroneous internet article referred to above) that even implies Big Apple Burgers or John Cestare had any ownership interest, managerial involvement or employment in Coney Island Burgers LLC or the Coney Island Wahlburgers. Anything discovered thus far demonstrates to the contrary.

Based on the foregoing, there is no basis for Big Apple Burgers or John Cestare to remain parties in this case. Thus, we ask that the Court schedule a pre-motion conference to establish a briefing schedule for this motion.

Thank you in advance for your cooperation and we look forward to the Court's response.

Very truly yours,

Mark B. Stumer