UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SHAKEIYA BURNETT, *et al.*, on
*behalf of herself and all others similarly situated*,

                            Plaintiffs,                                **ORDER**

    - against -                                                       16 CV 4602 (WFK)

WAHLBURGERS FRANCHISING LLC, *et al.*,

                              Defendants.

----------------------------------------------------------------X

**POLLAK,** United States Magistrate Judge:

On August 18, 2016, plaintiffs Shakeiya Burnett, Vanessa Morales, Jonathan Marmolejos, Richard Serpica, and Henry Foster ("plaintiffs") commenced this collective action on behalf of themselves and all other similarly situated employees of defendant Wahlburgers in Coney Island, seeking unpaid minimum wages and overtime wages, misappropriated tips, spread-of-hours pay, liquidated damages and attorneys' fees and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and the New York Labor Law § 190 et seq. ("NYLL"). In addition to suing Wahlburgers in Coney Island, plaintiffs also named as defendants Coney Burgers, LLC, a franchisee of Wahlburgers that operates the Wahlburgers Coney Island location, Big Apple Burgers, LLC,[1] WBDC Hospitality, LLC, Mark Andrew Singer, John Cestare, and Ben Niass[2] (the "Franchisee Defendants") and Wahlburgers Franchising, LLC, a Massachusetts corporation ("Franchisor Defendant").

---

[1] On June 26, 2018, Big Apple Burgers and John Cestare filed a letter motion for leave to file a summary judgment motion. The Honorable William F. Kuntz, II granted these defendants' request the same day and scheduled a pre-motion conference accordingly. However, this pending pre-motion conference does not affect the Court's analysis of the Franchisor Defendant's motion to quash as discussed in this Order.

[2] Ben Niass was dismissed from this case on November 28, 2016.

1

Presently before this Court is the Franchisor Defendant's letter motion dated May 24, 2018, seeking to quash the plaintiffs' notice to take the deposition of Paul Wahlberg. Franchisor Defendant contends that in response to the plaintiffs' January 9, 2018 notice of deposition, served pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the Franchisor Defendant designated Patrick Renna, Wahlburgers' Chief Financial Officer as its Rule 30(b)(6) witness. (Def.'s Ltr[3] at 1-2). The 30(b)(6) Notice requested a witness able to answer questions about "Wahlburgers Franchising LLC's ownership, and/or control of Wahlburgers in Coney Island," the policies and practices relating to timekeeping, compensation and the identity of persons at Wahlburgers in Coney Island with the power to hire and fire employees, set schedules, determine rates of pay, and manage or direct the duties of the employees at that location, including plaintiffs. (Id. at 1). The Franchisor Defendant contends that although it offered Mr. Renna as a witness on these topics, the parties adjourned his deposition pending settlement discussions. (Id. at 2). The Franchisor Defendant asserts that it was only after settlement discussions were unsuccessful that plaintiffs "abandoned interest in Mr. Renna's deposition" and instead sought to take Mr. Wahlberg's deposition. (Id.) Mr. Wahlburg is purportedly the Chef and owner of Wahlburgers, who resides in Massachusetts. (Id.) The Franchisor Defendant contends that Mr. Wahlberg's deposition is not only irrelevant, but would be "duplicative" of that of Mr. Renna, and "unduly burdensome" in that it would cause harassment and business disruption. (Id. at 3).

In attempting to explain why Mr. Wahlberg's testimony would be relevant to the wage and hour issues that are at the heart of this matter, plaintiffs cite the fact that "Paul Wahlberg's

---

[3] Citations to "Def.'s Ltr" refer to the Letter re: discovery dispute, filed by Wahlburgers Franchising LLC on May 24, 2018.

face is on the walls [of every restaurant] and his name is on every menu." (Pls.' Ltr[4] at 1).
They contend that he is the "face" of the company and his "influence and control of franchisee operations" is demonstrated by the fact that the employee training manual asks "What would Paul do?" and references, in a number of places, the notion that Paul determines the "best cheese to melt on a burger," "pick[s] up straw wrappers as he walks around the store," and generally "go[es] the extra mile to take care of every guest." (Id. at 2, Ex. A at 12, 16). Plaintiffs also cite the fact that Mr. Wahlburg's role in the franchises has been discussed during the reality tv show, Wahlburgers, which has aired on A&E. (Id. at 2-3). Nowhere, however, is there any mention of Paul Wahlberg's role in managing the Coney Island franchise or in setting the wage and hour policies or the schedules of the employees at this franchise, which is one of 27 restaurants throughout the country. (Defs.' Reply Ltr[5] at 3).

DISCUSSION

1. Legal Standards

The Federal Rules of Civil Procedure grant parties in lawsuits broad rights to discovery. See Fed. R. Civ. P. 26(b). The recently revised Rule 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Materials "need not be admissible in evidence to be discoverable." Id. In other words, "'[r]elevance' under Rule 26 'has been construed broadly to encompass any matter that bears on, or that reasonably could

---
[4] Citation to "Pls.' Ltr" refer to plaintiffs' Reply in Opposition, filed on May 31, 2018.
[5] Citations to "Def.'s Reply Ltr" refer to defendant's Reply, filed on June 5, 2018.

lead to other matter that could bear on any issue that is or may be in the case.'" Crosby v. City of New York, 269 F.R.D. 267, 282 (S.D.N.Y. 2010) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).  However, discovery may not be used to "to explore matter which does not presently appear germane on the theory that it might conceivably become so." Id. (quoting In re Fontaine, 402 F. Supp. 1219, 1221 (S.D.N.Y. 1975)).  Further, as specified in the amended Rule 26, discovery must be "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

While courts have generally held that "[i]t is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition," Chevron Corp. v. Donziger, No. 11 CV 0691, 2013 WL 1896932, at *1 (S.D.N.Y. May 7, 2013) (quoting Naftchi v. New York Univ. Med. Ctr., 172 F.R.D. 130, 132 (S.D.N.Y. 1997)), courts have on occasion issued protective orders where the deposition proposed is of senior corporate officers, see Vaigasi v. Solow Mgmt. Corp., No. 11 CV 5088, 2016 WL 616386, at *17 (S.D.N.Y. Feb. 16, 2016) (quoting Consolidated Rail Corp., 92 CV 4927, 92 CV 6313, 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993)) (finding that "it may be appropriate to preclude a . . . deposition of a highly-placed executive" while allowing other witnesses with the same knowledge to be questioned), or high-ranking government officials.  See Pegoraro v. Marrero, No. 10 CV 0051, 2012 WL 1948887, at *5 (S.D.N.Y. May 29, 2012) (quoting Martin v. Valley Nat. Bank of Ariz., 140 F.R.D. 291, 314 (S.D.N.Y. 1991)) (finding that "[a] party may only conduct . . . a deposition [of a high-ranking government official] upon a showing that the deposition is necessary in order to obtain relevant information and that it would not significantly interfere with the ability of the official to carry out his governmental responsibilities").  Generally, courts have held that highly placed executives are not automatically immune from discovery simply because they have busy

4

schedules. See Chevron Corp. v. Donziger, 2013 WL 1896932, at *1 (quoting Naftchi v. New York Univ. Med. Ctr., 172 F.R.D. 130, 132 (S.D.N.Y. 1997)) (finding that "in ordinary circumstances, [it] does [not] matter that the proposed witness is a busy person").

In determining whether a high-ranking corporate executive should be excused from testifying, courts have required a showing that the witness lacks personal knowledge of the matters pertinent to the lawsuit or that could reasonably lead to the discovery of relevant evidence. See, e.g., id. (finding that high-ranking corporate executive had relevant knowledge and could be deposed). While courts in this Circuit have noted that highly-placed executives are not immune from discovery or shielded from being deposed, see, e.g., Six West Retail Acquisition v. Sony Theatre Mgmt. Corp., 203 F.R.D. 98, 102 (S.D.N.Y. 2001), courts also consider whether the same information may be obtained from other witnesses with the same knowledge, thereby rendering the deposition of the executive redundant. See, e.g., Alliance Industries, Inc. v. Longyear Holding, Inc., 08 CV 0490, 2010 WL 4323071, at *4 (W.D.N.Y. March 19, 2010) (finding that depositions that seek to depose the highest level of a corporate opponent are disfavored in the Second Circuit "unless [the executives] have personal knowledge of relevant facts of some unique knowledge that is relevant to the action") (internal citations omitted).

The general rule, however, is that because an order barring such a deposition is "extraordinary relief," see American High-Income Trust v. Alliedsignal Inc., No. 02 CV 2506, 2006 WL 3545432, at *2 (S.D.N.Y. Dec. 8, 2006) (quoting Speadmark, Inc. v. Federated Dep't. Stores, 176 F.R.D. 116, 118 (S.D.N.Y. 1997)), the party seeking the protective order bears the burden of establishing a claimed lack of knowledge. See AngioDynamics, Inc. v. Biolitec, Inc., No. 08 CV 004, 2010 WL 11541925, at *3 (N.D.N.Y. Sept. 17, 2010). Moreover, this claim is subject to testing by the opposing party, and is a claim generally made

by way of an affidavit of the individual who is sought to be deposed.  See General Star Indem. Co. v. Platinum Indem. Ltd., 210 F.R.D. 80, 83 (S.D.N.Y. 2002).

2. Analysis

In this case, while the Franchisor Defendant has protested that Mr. Wahlberg does not possess relevant information about the issues raised in the case and have asserted that the notice of deposition is simply an effort on the part of plaintiffs to force defendants to reconsider their no-pay position on settlement, the Franchisor Defendant has not presented an affidavit from Mr. Wahlberg attesting to the fact that he does not have relevant information that would justify taking his deposition at this time.  By the same token, plaintiffs' arguments as to why his testimony is needed lack any specificity as to the basis upon which they believe Mr. Wahlberg's deposition should be taken in lieu of, or even before, that of Mr. Renna, whom defendants have designated as their 30(b)(6) witness.

Accordingly, by **July 23, 2018,** the Franchisor Defendant is ORDERED to provide the Court and counsel with an affidavit from Paul Wahlberg attesting to the extent of his knowledge regarding the claims alleged in the complaint, including the various categories of information sought by plaintiffs in their 30(b)(6) deposition notice.  Plaintiffs will be given an opportunity to respond by **July 30, 2018.**

Furthermore, by **July 23, 2018**, plaintiffs are ORDERED to submit a letter clarifying whether they are seeking to depose Mr. Wahlberg in lieu of taking Mr. Renna's deposition, or whether it is their current intention to depose both witnesses.  If they are seeking to depose both Mr. Renna and Mr. Wahlberg, Mr. Renna's deposition is ORDERED to be completed on or

before **August 10, 2018.** The parties are ORDERED to meet and confer on an appropriate date for Mr. Renna's deposition. The case has been unnecessarily delayed for some time now, and the Court, in its discretion, is ORDERING the parties to proceed to complete all of the other outstanding depositions by **August 23, 2018,** while the issue of Mr. Wahlberg's deposition is pending briefing and decision.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
July 10, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York