UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
SHAKEIYA BURNETT, *et al.*, *on behalf of herself and all others similarly situated*,

Plaintiffs,

-against-

WAHLBURGERS FRANCHISING LLC, *et al.*,

Defendants.
-------------------------------------------------------------- X

**ORDER**
16 CV 4602 (WFK) (CLP)

**POLLAK**, United States Magistrate Judge:

The Court assumes familiarity with this wage and hour collective action case brought against Wahlburgers Franchising LLC, among others.

On September 28, 2018, plaintiffs filed a letter stating their intention to file a motion to compel a non-party corporation, 44 Blue Productions, LLC ("44 Blue"), to produce documents in response to a subpoena served pursuant to Federal Rule of Civil Procedure 45. In a letter dated May 17, 2018 and addressed to plaintiffs' counsel, 44 Blue objected to the subpoena on the following grounds: (1) the subpoena was improperly served on 44 Blue because it was sent by email rather than personal service; (2) the subpoena violates Rule 45(c)(2) because it requests 44 Blue, a California company, to produce documents in New York, which is more than 100 miles from where 44 Blue regularly transacts business; (3) the subpoena is improper because it seeks information protected by the First Amendment and the reporter's privilege; and (4) the subpoena is overbroad on its face. (See Cameron Stracher Ltr., 5/17/2018, at 1-2).

On July 9, 2018, after receiving a reply from plaintiffs' counsel, 44 Blue replied, reiterating its objections to the subpoena. Specifically, 44 Blue repeated its objections to the subpoena on the grounds that it violated Rule 45(c)(2) as well as the reporter's privilege. 44

Blue also argued that this Court is not the proper forum to seek enforcement of the subpoena because any motion to compel production would have to be made in California. (See Cameron Stracher Ltr., 7/9/2018, at 1). Plaintiffs reject all of these arguments, asserting that the subpoena is proper and this Court has jurisdiction to hear the motion to compel.

After reviewing plaintiffs' submission and attachments, the Court denies plaintiffs' motion without prejudice for the reasons set forth below.

## DISCUSSION

44 Blue objects to the method of service used by plaintiffs in serving the subpoena. Rather than serving the company at its offices in California, plaintiffs served the subpoena by email. Plaintiffs' counsel justifies this form of service by arguing that "[t]here is no Second Circuit case law interpreting the Rule 45 requirement of delivery as requiring personal service." (Vivianna Morales Ltr., 9/28/2018 at 3 (quoting Sec. & Exch. Comm'n v. Pence, 322 F.R.D. 450, 453 (S.D.N.Y. 2017)). Counsel contends that although courts typically require a party who wants to serve by alternative means to demonstrate prior diligent attempts to personally serve before permitting substituted service, "[s]ome courts . . . have not even required a party to move for an order permitting alternative service in advance of such service." Sec. & Exch. Comm'n v. Pence, 322 F.R.D. 450 at 453 (citing Ultradent Prods., Inc. v. Hayman, No. M8-45, 2002 WL 31119425, at *4 (S.D.N.Y. Sept. 24, 2002)).

In this case, plaintiffs served the non-party Blue 44 by email. (See Vivianna Morales Ltr., 9/28/2018 at 1). Although plaintiffs apparently received authorization to do so from Ms. Bernetta Hardy, Director of Business and Legal Affairs of 44 Blue, they did not receive authorization from the Court. Even though one court in this Circuit has approved service by certified mail even when the party did not move for an order authorizing substitute service, see

2

Ultradent Prods., Inc. v. Hayman, 2002 WL 31119425, this Court is not inclined to do so here. Given that numerous federal courts in California have interpreted Rule 45 as requiring personal service, plaintiffs must demonstrate prior diligent attempts to personally serve before this Court will consider permitting alternative methods. See, e.g., Poly-Med, Inc. v. Novus Sci. PTE Ltd., No. 17 CV 649, 2017 WL 2291942, at *2 (S.D. Cal. May 25, 2017) (holding that "[s]erving a subpoena requires 'delivering a copy to the named person,' which is often interpreted to mean personal service").

44 Blue also argues that this Court does not have jurisdiction to compel compliance with the subpoena. "[I]f a motion to compel is necessary, the motion must be made in "'the court for the district where compliance is required.'" United States ex rel. Ortiz v. Mount Sinai Hosp., 169 F. Supp. 3d 538, 543 (S.D.N.Y. 2016) (quoting Fed. R. Civ. P. 45(d)(2)(B)(i)). That court then has the option to "transfer the motion to the issuing court," "either with the consent of the nonparty or under 'exceptional circumstances.'" Id. (quoting Fed. R. Civ. P. 45(f)). The district of compliance "for the 'production of documents, electronically stored information, or tangible things [is] at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.'" Europlay Capital Advisors, LLC v. Does, 323 F.R.D. 628, 629 (C.D. Cal. 2018) (citing Fed. R. Civ. P. 45(c)(2)(A)). The court in Europlay Capital Advisors cites multiple cases which have held that the proper district for a motion to compel is the district in which the subpoenaed, nonparty corporation is headquartered. See id. at 630; see also Certain Underwriters at Lloyd's v. Nat'l R.R. Passenger Corp., No. 16 MC 2778, 2016 WL 6902140, at *1 n.2 (E.D.N.Y. Nov. 23, 2016) (noting that the district of compliance in that case was the Eastern District of Philadelphia, given that the subpoenaed non-party corporation was based in Philadelphia, but ruling on a motion to compel following transfer).

Here, 44 Blue asserts that it is a "California company with no offices in New York State [and that it] does not regularly transact business in New York." (Cameron Stracher Ltr., 7/9/2018, at 1). Thus, "any motion to compel production would have to be made in California because the federal courts in New York lack jurisdiction over 44 Blue." (Id.) In response, plaintiffs contend that this Court has jurisdiction because the subpoena requests compliance in New York, and directs that the requested materials be delivered to a firm with a New York address. (Vivianna Morales Ltr., 9/28/2018 at 4). However, as stated above, the place of compliance "for the 'production of documents, electronically stored information, or tangible things [is] at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.'" Fed. R. Civ. P. 45(c)(2)(A). Therefore, the proper forum for the motion to compel would be in the district in California where the nonparty's headquarters are located, not where the files are to be produced. In addition, plaintiffs argue that this Court has jurisdiction because the video footage at issue was captured in New York, and 44 Blue is represented by a New York attorney. (Vivianna Morales Ltr., 9/28/2018 at 4). However, plaintiffs provide no authority supporting their assertion that these facts are at all relevant to this determination. Therefore, the Court finds that it lacks jurisdiction to compel compliance by 44 Blue.

Finally, the Court notes that this case is a fairly straightforward wage-and-hour case. The discovery sought by plaintiffs from 44 Blue is footage and correspondence relating to a reality television series featuring the Wahlbergs. (Id. at 1). While plaintiffs argue that there may be segments of this footage that could be used to demonstrate control by the franchisor over the franchisee, the Court is skeptical that any scenes from a television reality show about a celebrity chef will shed light on who sets the wages and hours to be worked by the employees. Plaintiffs'

discovery requests thus far suggest that they are focused on the celebrity status of Mr. Paul Wahlberg rather than the merits of the case. Indeed, the requests appear designed to harass defendants or pressure them into settling. The Court therefore urges the parties to refocus their attention on substantive matters and proceed in good faith to complete discovery in a timely manner.

Accordingly, the Court Orders that discovery in this litigation be completed in **60 days, by December 3, 2018.** The parties are further directed to file a joint status report on **December 10, 2018.**

## CONCLUSION

For the reasons set forth above, plaintiffs' motion to compel is denied without prejudice.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
October 4, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York