RYAN SESTACK
RSESTACK@GRSM.COM



ATTORNEYS AT LAW
ONE BATTERY PARK PLAZA
28TH FLOOR
NEW YORK, NY 10004
PHONE: (212) 269-5500
FAX: (212) 269-5505
WWW.GRSM.COM

April 23, 2019

**VIA ECF**

The Honorable William F. Kuntz
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Burnett, et al. v. Wahlburgers Franchising LLC, et al.*
              Case No.: 1:16-cv-04602 (WFK)(CLP)

Dear Judge Kuntz:

    We represent Wahlburgers Franchising LLC ("Defendant") in this matter. Discovery in this case is complete as of March 29, 2019. Pursuant to Rule III.B.1(i) of Your Honor's individual rules of practice, we respectfully request a pre-motion conference regarding Defendant's anticipated motion pursuant to Fed.R.Civ.P. Rule 56 to dismiss all claims by Shakeiya Burnett, Vanessa Morales, Jonathan Marmolejos and Henry Foster ("Plaintiffs").

    Plaintiffs worked as servers, bartenders, or cooks at the Wahlburgers restaurant in Coney Island ("Coney Island Restaurant"). In their complaint, Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Specifically, Plaintiffs allege that they were not properly paid minimum wage, overtime, or spread of hours pay. Plaintiffs also claim the existence of an unlawful tip pool. They assert unlawful deductions were made from their wages and that they did not receive annual wage notices or accurate wage statements.

    All of Plaintiffs' claims against Defendant fail because the Defendant was not their employer. Defendant was the franchisor with respect to the Coney Island Restaurant. Coney Burgers LLC was the franchisee and, under the franchise agreement, was responsible for operating the Coney Island Restaurant. In this case, the Defendant cannot be found liable to Plaintiffs as a joint employer, because no employer-employee relationship existed between them.

April 23, 2017
Page 2

"[W]hether an employer-employee relationship exists for purposes of the FLSA should be grounded in 'economic reality rather than technical concepts." *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008).

In assessing economic reality, the Second Circuit has two tests to determine whether an employment relationship existed for the purposes of the FLSA. *Ocampo v. 455 Hospitality LLC*, No. 14-CV-9614 (KMK), 2016 U.S. Dist. LEXIS 125928, at *18 (S.D.N.Y. Sep. 14, 2016). The first, the formal control test, asks "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 422 (2d Cir. 2016) (internal quotation marks omitted). The second test, the functional control test, applies in the absence of formal control. *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 72 (2d Cir. 2003). Under this test, courts look to the following relevant, though not exclusive, factors: (1) whether the alleged employers' premises and equipment were used for the plaintiffs' work; (2) whether the subcontractors had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line job that was integral to the alleged employers' process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the alleged employers or their agents supervised the plaintiffs' work; and (6) whether the plaintiffs worked exclusively or predominantly for the alleged employers." *Olvera v. Bareburger Group LLC*, 73 F. Supp. 3d 201, 205-06 (S.D.N.Y. 2014) (quoting *Zheng*, 355 F.3d at 72).

Neither test for employment involves a "rigid rule." *Barfield*, 537 F.3d at 143. Rather, they involve "a nonexclusive and overlapping set of factors to ensure that the economic realities test mandated by the Supreme Court is sufficiently comprehensive and flexible to give proper effect to the broad language of the FLSA." *Id*. (internal quotation marks omitted). The test of employment under the NYLL is essentially the same. *Franco v. Jubilee First Ave. Corp.*, No. 14-CV-07729 (SN), 2016 U.S. Dist. LEXIS 114191, at *14-15 (S.D.N.Y. August 25, 2016).

Here, Plaintiffs cannot satisfy any of the foregoing factors. All Plaintiffs worked at the Coney Island Restaurant, run by the franchisee Coney Burgers LLC. According to their deposition testimony, the only formal interaction Plaintiffs had with the Defendant, the franchisor, consisted of receiving training. All other interaction, if any, consisted of serving or waiting on individuals associated with Defendants when they visited the Coney Island Restaurant, or of informal, very infrequent, and fleeting conversation with individuals associated with Defendant. Defendant did not hire or fire Plaintiffs or have the power to do so, did not supervise or control Plaintiffs' work schedules or work conditions, did not determine the rate or method of paying their salaries, and did not maintain their employment records. Defendant therefore had no formal control over Plaintiffs. Such control belonged exclusively to Coney Burgers LLC. Neither did Plaintiffs work at Defendant's premises or use its equipment, nor perform a discrete line job integral to Defendant's process of production. Plaintiffs were servers, bartenders, or cooks in a franchised restaurant. They did not, for example, work at a construction site for a subcontractor. Defendant thus exercised no functional control over Plaintiffs when they worked at the Coney Island Restaurant. Indeed, Defendant's role with respect to Coney Burgers LLC, the entity employing and paying Plaintiffs, was mainly compliance with standards set forth in the franchise agreement.

In light of the foregoing, Defendant requests a pre-motion conference on its proposed motion for summary judgment. We thank the Court for its consideration of this request.

                                                    Respectfully submitted,

                                                    GORDON & REES LLP

                                                    *Ryan Sestack*

                                                    Ryan Sestack

cc:     All counsel (via ECF)